Opinion for the Court filed PER CURIAM.
PER CURIAM:
On June 13, 2007, the Committee on the Judiciary of the United States House of Representatives issued a subpoena to Harriet Miers, former Counsel to President George W. Bush, seeking to compel her to produce documents and to appear and testify about the forced resignation of nine United States Attorneys in late 2006. On the same day, the Committee issued a subpoena to Joshua B. Bolten, President Bush’s Chief of Staff, seeking documents regarding the same subject. President Bush asserted executive privilege to block the testimony and production of the documents, and Ms. Miers and Mr. Bolten refused to comply with the subpoenas. On February 14, 2008, the House of Representatives voted to hold Ms. Miers and Mr. Bolten in contempt of Congress and passed an accompanying resolution authorizing the Committee to initiate an action in federal court seeking to enforce compliance with the subpoenas. The Committee filed suit in the district court on March 10, 2008.
The district court declared that Ms. Mi-ers was legally required to appear and testify in response to the Committee’s subpoena, although she could invoke executive privilege in response to specific questions. The district court further ordered Ms. Mi-ers and Mr. Bolten to produce all non-privileged documents and to provide privilege logs describing any documents not produced. The district court’s opinion did not address whether executive privilege would bar the disclosure of any particular communication or document. Ms. Miers and Mr. Bolten filed a notice of appeal and moved for a stay pending disposition of the appeal and for expedited briefing and oral argument.
Although the Committee acknowledges that an order granting an injunction is immediately appealable, see 28 U.S.C. § 1292(a), it argues that this court lacks jurisdiction because the district court issued no such order. With respect to the production of documents, the Committee is plainly incorrect. The district court ordered Mr. Bolten and Ms. Miers to take certain actions — to produce documents and a privilege log despite their claim, at the President’s behest, that they are shielded from legislative compulsion enforced by the judiciary. Given that claim, the district court’s order is immediately appeal- *911 able. See United States v. Nixon, 418 U.S. 683, 691, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); Carson v. Am. Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981); cf. United States v. Philip Morris, 314 F.3d 612, 617-18 (D.C.Cir.2003). As to Ms. Miers’s testimony, the court framed its decree as a declaratory judgment. But Ms. Miers acted in compliance with the instruction of President Bush, and we have long presumed that officials of the Executive Branch will adhere to the law as declared by the court. As a result, the declaratory judgment is the functional equivalent of an injunction. See Sanchez-Espinoza v. Reagan, 770 F.2d 202, 208 n. 8 (D.C.Cir.1985) (citing Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)). In addition, the Supreme Court has long held that a district court’s denial of a colorable claim of immunity from process is immediately appealable. See, e.g., Mitchell v. Forsyth, 472 U.S. 511, 525-26, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We therefore find that appellate jurisdiction exists.
The present dispute is of potentially great significance for the balance of power between the Legislative and Executive Branches. But the Committee recognizes that, even if expedited, this controversy will not be fully and finally resolved by the Judicial Branch — including resolution by a panel and possible rehearing by this court en banc and by the Supreme Court — before the 110th Congress ends on January 3, 2009. At that time, the 110th House of Representatives will cease to exist as a legal entity, and the subpoenas it has issued will expire. See, e.g., United States v. Am. Tel. & Tel. Co. (AT & T I), 551 F.2d 384, 390 (D.C.Cir.1976). In view of the above considerations, we see no reason to set the appeal on an expedited briefing and oral argument schedule. If the case becomes moot, we would be wasting the time of the court and the parties. See United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). If the case does not become moot despite the expiration of the subpoenas, see Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); Nixon v. Adm’r of Gen. Servs., 433 U.S. 425, 448-49, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); Christian Knights of the Ku Klux Klan Invisible Empire, Inc. v. Dist. of Columbia, 972 F.2d 365, 370 (D.C.Cir.1992)—an issue we need not resolve at this time—there would be no pressing need for an immediate decision. See Wilderness Soc’y v. Morton, 479 F.2d 842, 886-87 (D.C.Cir.1973) (en banc). This course has the additional benefit of permitting the new President and the new House an opportunity to express their views on the merits of the lawsuit. See Nixon, 433 U.S. at 448-49, 97 S.Ct. 2777; AT & T I, 551 F.3d at 390.
We therefore grant the motion for stay pending appeal and deny the motion for expedition.

So ordered.